Electronically Filed - City of St. Louis - June 27, 2019 - 10:35 AM

**1922-CC10738**

## IN THE 22ND JUDICIAL CIRCUIT COURT
## CITY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| RAINERI CONSTRUCTION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| CRYSTAL WINDOW & DOOR SYSTEMS, ) | |
| LTD., ) | |
| ) | |
| Serve: Robert A. Zick, Reg. Agent ) | |
| 438 West Front Street ) | |
| Washington, MO 63090 ) | |
| ) | |
| Defendant. ) | |

### PETITION

COMES NOW Plaintiff Raineri Construction, LLC ("Raineri") and for its Petition against Crystal Window & Door Systems, Ltd. ("Crystal") states:

### ALLEGATIONS COMMON TO ALL COUNTS

#### Parties, Jurisdiction, and Venue

1. Raineri is, and at all times relevant hereto has been, a Missouri limited liability company in good standing with its principal place of business in the City of St. Louis, Missouri.

2. Crystal is, and at all times relevant hereto has been, a New York corporation authorized to do business in the State of Missouri, with one or more physical offices in St. Louis County, Missouri.

3. This Court has jurisdiction over Crystal pursuant to R.S.Mo. §§ 506.500.1(1), 506.500.1(2), and 506.500.1(3), because Crystal transacted business in this State, made a contract in this State, and committed tortious acts in this State, all as described more fully herein;



EXHIBIT 2

and because Raineri's causes of action herein arise from those contacts between Crystal and this State.

4. Venue is appropriate pursuant to R.S.Mo. § 508.010.4; or in the alternative, venue is appropriate pursuant to R.S.Mo. § 508.010.2(4).

## The Contract

5. Raineri was the general contractor for the construction of a multistory condominium and retail development located at 4101 Laclede, St. Louis, Missouri 63108 (the "Project").

6. On or about March 14, 2017, Raineri sent a Purchase Order to Crystal, requesting that Crystal manufacture, supply, and deliver to the Project site in St. Louis, certain aluminum windows, casements, and doors for installation on the Project. In consideration for Crystal's performance, Raineri agreed to pay the sum of $529,432.58. A true and correct copy of the Purchase Order is attached hereto as Exhibit 1 and is incorporated herein by reference.

7. Crystal accepted the Purchase Order by commencing performance, and the Purchase Order thereby became a binding Contract between the parties.

## Crystal's Performance Is Untimely

8. Crystal had an implied contractual obligation to perform its work within a reasonable time.

9. In material breach of the Contract, Crystal failed to perform its work within a reasonable time. Specifically, Raineri sent its Purchase Order to Crystal on or about March 14, 2017. Crystal first submitted shop drawings on April 24, 2017; after several revisions (some due to Owner changes, and some due to Crystal's errors and omissions), Crystal's shop drawings were approved by the Architect and returned to Crystal on September 14, 2017. Crystal then

failed to commence construction of the windows – or even to enter the Purchase Order into their system for production – for more than *four months*. This resulted in delivery of the windows being delayed until March and April, 2018 – more than *one year* after the Purchase Order was submitted.

10. As a direct and proximate result of Crystal's breach, Raineri suffered damages in an amount to be determined at trial, in that (a) Raineri incurred significant additional costs of supervision, crane rental, temporary enclosures, and other general conditions costs, and in hiring substitute window installers (to replace the original installers who could no longer perform due to the delay); and (b) Raineri may be required to pay liquidated damages or other damages to the Owner for its failure to timely deliver the Project, and said failure was caused by Crystal's breach.

### Crystal's Materials Are Defective

11. Crystal manufactured and delivered its windows, casements, and doors to the Project; these items were subsequently installed in the Project by others.

12. Crystal had an implied contractual duty to perform its work in a good and workmanlike manner.

13. In material breach of the Contract, Crystal failed to perform its work in a good and workmanlike manner.

14. Shortly after installation, the windows began to experience significant water infiltration throughout the building.

15. This water infiltration caused significant damage to the interior of the Project; including, but not limited to, damage to the drywall, floors, trim, insulation, EIFS, painting, furniture, closet systems, and other interior items.

16. The water infiltration was caused by Crystal's defective manufacturing of the window units. Among other things, investigation by multiple independent testing firms revealed that the exterior mullion/trim assemblies of the window frames were not watertight; the perimeter seals were deficient; Crystal left unsealed screw penetrations at the trim attachment points; and Crystal left open holes at the top and bottom of the intermediate mullions.

17. Once these manufacturing defects were discovered, a number of condominium owners who had previously moved into their units were forced to vacate the units and live in temporary housing while repairs were performed.

18. As a direct and proximate result of the defective manufacturing of the window units, Raineri has incurred or may incur costs in excess of $2,000,000.00 to repair the windows, remediate the interior damage, and reimburse the Owner of the building for its damages resulting directly from Crystal's defective work (including potential liquidated damages for delay, temporary housing costs, testing and consulting costs, costs incurred due to inability to close on units, carry costs on its financing, and other damages).

## COUNT 1 – NEGLIGENCE

19. Raineri restates and incorporates herein the Allegations Common to All Counts as if fully set forth herein.

20. Crystal had a duty to Raineri to perform its work with ordinary and reasonable care.

21. Crystal breached its duty by failing to perform its work with ordinary and reasonable care.

22. As a direct and proximate result of Crystal's failure to perform its work with ordinary care, Raineri has suffered or will suffer damages in excess of $2,000,000.00.

WHEREFORE, Plaintiff Raineri Construction, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Crystal Window & Door Ltd. in an amount to be determined at trial, but estimated to be in excess of $2,000,000.00, plus prejudgment interest, plus costs of suit, and for such other and further relief as the Court deems just and proper.

## COUNT 2 – BREACH OF CONTRACT

23. Raineri restates and incorporates herein the Allegations Common to All Counts as if fully set forth herein.

24. Raineri performed all of its obligations under the Contract. Pleading in the alternative, Raineri substantially performed all of its obligations under the Contract. Crystal failed to perform its obligations under the Contract.

25. As a direct and proximate result of Crystal's breaches of contract, Raineri has suffered or will suffer damages in excess of $2,000,000.00.

26. Raineri is entitled to recover prejudgment interest on its damages at the rate of 9% per annum pursuant to R.S.Mo. § 408.020.

WHEREFORE, Plaintiff Raineri Construction, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Crystal Window & Door Ltd. in an amount to be determined at trial, but estimated to be in excess of $2,000,000.00, plus prejudgment interest, plus costs of suit, and for such other and further relief as the Court deems just and proper.

## COUNT 3 – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

27. Raineri restates and incorporates herein the Allegations Common to All Counts as if fully set forth herein.

28. Crystal is a merchant with respect to the windows pursuant to R.S.Mo. § 400.2-314.

29. The windows supplied by Crystal are not fit for the ordinary purposes for which windows are used, and/or are of below average quality, and/or fail to pass without objection in the trade.

30. By failing to provide windows that are fit for the ordinary purposes for which windows are used, are of fair average quality, and pass without objection in the trade, Crystal has breached its implied warranty of merchantability.

31. As a direct and proximate result of Crystal's breach of its implied warranty of merchantability, Raineri has suffered or will suffer damages in excess of $2,000,000.00.

WHEREFORE, Plaintiff Raineri Construction, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Crystal Window & Door Ltd. in an amount to be determined at trial, but estimated to be in excess of $2,000,000.00, plus prejudgment interest, plus costs of suit, and for such other and further relief as the Court deems just and proper.

Electronically Filed - City of St. Louis - June 27, 2019 - 10:35 AM

COCKRIEL & CHRISTOFFERSON, LLC

By: /s/ Philip J. Christofferson
Philip J. Christofferson, #50134
Steven M. Cockriel, #33724
3660 S. Geyer Road, Suite 320
St. Louis, Missouri 63127
314-821-4200
314-821-4264 Fax
pchristofferson@cockriel.com
scockriel@cockriel.com

BUCKLEY & BUCKLEY, LLC

By: /s/ Martin J. Buckley
Martin J. Buckley, #37000
800 Market Street, Suite 2900
St. Louis, Missouri 63101
314-621-3434
314-621-3485 Fax
mbuckley@buckleylawllc.com

Co-Counsel for Plaintiff Raineri Construction, LLC

**CERTIFICATION UNDER RULE 55.03(A)**

Pursuant to Rule 55.03(a), Philip J. Christofferson certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

/s/ Philip J. Christofferson

PETITION - EXHIBIT 1

1300 Hampton Ave, Suite 200
St. Louis MO 63139

tel. 314.667.5913
fax. 314.667.5638

info@rainericonstruction.com

rainericonstruction.com



# RAINERI
CONSTRUCTION

## Purchase Order

| | | | | |
|---|---|---|---|---|
| **Submitted To:** | Crystal Window & Door Systems | **Project:** | 3040 - 4101 Laclede | |
| | 31-10 Whitestone Exprwy | | 4101 Laclede Avenue | |
| | Flushing NY 11354 | | St. Louis MO 63108 | **Order Date:** 03/14/2017 |
| **Attn:** | Grant McCracken | **Phase:** | 1 - Final Proposal | **Order#:** 5883 |

You are hereby requested to provide the following materials/services
to the above named project for the price listed below.

**Ordered By:** 1304 - Nelson Vogt

Accepted By: _____  Date: _____

| Description | Unit | Quantity | Price | Amount |
|---|---|---|---|---|
| **Windows** | | 525,857.67 | 1.00 | 525,857.67 |
| Supply and deliver all windows and casement for W windows and 5100 series and 1450 Terrace door for AS windows as well as doors marked F1. Windows to be Custom Powder Coat finish. Glass to be 7/8" Insulated with LoE coating and tempered where necessary. Includes subsill and receptor system for installation. Includes all applicable taxes. | | | | |
| **Added Clips** | | 225.59 | 1.00 | 225.59 |
| Provide and ship added mill finish strap anchor clips per request by RR vision Glass. 36pcs, 36" long. | | | | |
| **Added W1D1 Windows** | | 2,050.96 | 1.00 | 2,050.96 |
| Added W1D1 windows for unit on 2nd floor unit 209 that had a wall intersecting the window in the revised layout. | | | | |
| **Replacement glass** | | 48.36 | 1.00 | 48.36 |
| Replacement glass for window W2Z | | | | |
| **Paint** | | 1,250.00 | 1.00 | 1,250.00 |
| Cost to paint and deliver additional sill covers custom fabricated by others for use at brick ledges. | | | | |

**Notes**  **Subtotal:** 529,432.58

Please reference Purchase Order #5883 on your invoice(s).

*Terms: All changes to quantity, specification or price must be approved in writing. All materials/services must be delivered to job site unless otherwise instructed in writing. Failure to deliver materials or services in a timely fashion will release contractor from any obligation to purchase implied by this order.*

| | |
|---|---|
| Subtotal: | 529,432.58 |
| Sales Tax: | 0.00 |
| **Total Order** | **529,432.58** |

*Warranty: All materials provided should be warranted for a minimum of twelve (12) months from date of delivery. Copies of all manufacturer's warranties shall be forwarded along with material invoices.*

Electronically Filed - City of St. Louis - June 27, 2019 - 10:35 AM



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division: REX M BURLISON | Case Number: 1922-CC10738 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner: RAINERI CONSTRUCTION LLC vs. | Plaintiff's/Petitioner's Attorney/Address PHILIP JAMES CHRISTOFFERSON 3660 GEYER RD STE 320 SAINT LOUIS, MO 63127 | Special Process Server 2 Special Process Server 3 |
| Defendant/Respondent: CRYSTAL WINDOW & DOOR SYSTEMS, LTD. | Court Address: CIVIL COURTS BUILDING 10 N TUCKER BLVD SAINT LOUIS, MO 63101 | |
| Nature of Suit: CC Breach of Contract | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: CRYSTAL WINDOW & DOOR SYSTEMS, LTD.
Alias:
C/O ROBERT ZICK, R.A.
438 WEST FRONT ST.
WASHINGTON, MO 63090

**COURT SEAL OF CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

June 27, 2019
_____ Date     _____ Clerk

Further Information:

### Sheriff's or Server's Return
Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ Printed Name of Sheriff or Server     _____ Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
Date     Notary Public

**Sheriff's Fees, if applicable**
Summons $_____
Non Est $_____
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage $_____ ( _____ miles @ $._____ per mile)
Total $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# Franklin County Sheriff's Office
#1 Bruns Lane, Union, MO 63084

## RETURN OF SERVICE

**Case Number**
1922-CC10738

**Court**
ST LOUIS CITY CIRCUIT COURT

RAINERI CONSTRUCTION VS CRYSTAL WINDOWS & DOOR SYSTEMS

**Party to be Served**
CRYSTAL WINDOW & DOOR SYSTEMS

**Address**
428 W FRONT ST, WASHINGTON, MO 63090

**Work Address**

**Expiration Date**
07/26/2019

**Type of Document**
SUMMONS

**Service Requested By**
COCKRIEL & CHRISTOFFERSON

☐ Posting authorized
☐ Posted property
☐ Posted public place

**Zone**
WASHINGTON

**Service Record No**
2019-3295

| | |
|---|---|
| Actual Party Served | SECRETARY |
| Relationship/title | |
| Date of Service | 07/01/2019 |
| Time of Service | 3:51 PM |
| Reason Not Served | |
| (Comments) | |

I certify that I have served the above named summons in the County of Franklin State of Missouri by:

☐ Delivering a copy of the summons and petition to the Defendant/Respondent

☐ Leaving a copy of the summons and petition at the dwelling place or usual abode of the Defendant/Respondent with a person of the defendant's/respondent's family over the age of 15 years.

☒ (for service on a corporation) delivering a copy of the summons and petition to a registered agent or representative of the company.

**Signature** _[signature]_   **DSN** 1250

**Print Name** PAUL, JOHN

**Service Fee** $30.00    **Mileage** $11.60    (optional)

**Posting Fee**

**Total** $41.60

 IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI    20193295

| Judge or Division: REX M BURLISON | Case Number: 1922-CC10738 | |
|---|---|---|
| | | Special Process Server 1 |
| Plaintiff/Petitioner: RAINERI CONSTRUCTION LLC | Plaintiff's/Petitioner's Attorney/Address PHILIP JAMES CHRISTOFFERSON 3660 GEYER RD STE 320 SAINT LOUIS, MO 63127 | Special Process Server 2 |
| vs. | | Special Process Server 3 |
| Defendant/Respondent: CRYSTAL WINDOW & DOOR SYSTEMS, LTD. | Court Address: CIVIL COURTS BUILDING 10 N TUCKER BLVD SAINT LOUIS, MO 63101 | SHERIFF'S RETURN |
| Nature of Suit: CC Breach of Contract | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: CRYSTAL WINDOW & DOOR SYSTEMS, LTD.
Alias:
C/O ROBERT ZICK, R.A.
438 WEST FRONT ST.
WASHINGTON, MO 63090

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**CITY OF ST LOUIS**

June 27, 2019 _____
Date                  Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ Printed Name of Sheriff or Server     _____ Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
Date                  Notary Public

**Sheriff's Fees, if applicable**
Summons       $_____
Non Est       $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $ 10.00
Mileage       $_____ (_____ miles @ $_____ per mile)
Total         $_____

RECEIVED
JUL 0 1 2019

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 19-SMCC-12869     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo